**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. SA-22-CR-170-XR** |
| | ) | |
| **XIAOJIAN TAO,** | ) | |
| **YU LANG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>GOVERNMENT'S MOTION IN LIMINE</u>**

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby files its Omnibus Motion in Limine to preclude defense counsel from mentioning in statements or arguments or questioning any witness regarding the following issues, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors, and states:

**<u>Background</u>**

1.     The Defendants are charged in various counts in a 22-count indictment charging them with Arms Export Control Act, Export Control Reform Act, Conspiracy to Commit Wire Fraud, Wire Fraud, Conspiracy to Defraud the IRS, Filing Materially False Tax Returns, and Making False Statements to the FBI.

**a.   <u>Defendant Seeks to Confuse the Jury by Introducing Irrelevant Arguments</u>**

2.     "Relevant evidence," as defined by the Federal Rules of Evidence "means evidence having any tendency to make the existence of any fact **<u>that is of consequence to the</u>** **<u>determination of the action</u>** more probable or less probable than it would be without the

evidence." (Emphasis added).  Fed.R.Evid. 401.  "Evidence which is not relevant is not admissible."  Fed.R.Evid. 402.

3.      Relevant evidence is excludable under Federal Rule of Evidence 403 "**if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, or misleading the jury**, undue delay, wasting time, or needlessly presenting cumulative evidence."  (Emphasis added). See, Fed.R.Evid. 404, Judiciary Committee Notes, Senate Report No. 93-1277; Huddleston v. United States, 485 U.S. 681, 688 (1988).

4.      The Defendant is charged in Count One with Illegal Export of Defense Articles without a License in violation of 22 U.S.C. § 2778(c) and in Count Two, Unlawful Export of Commerce Controlled Goods in violation of 50 U.S.C. § 4819. The Indictment tracks the language of the charged statutes. As the government intends to prove at trial, Defendant Tao traveled to China with several documents containing export-controlled information on his Southwest Research Institute (SwRI) laptop.   Defendant Tao never obtained a license to take these documents to China, as he was required to do.

5.      Based on his arguments in a hearing and in filings, Defendant Tao may argue at trial that the government cannot show Tao transferred the export-controlled materials while he was in China[1]. Whether Tao transferred the export-controlled documents while in China, however, is irrelevant.   Proof of transfer to a foreign national may be required for other crimes,[2] but it is not an element of either Count 1 or Count 2.

6.      To prove Count 1, according to the Fifth Circuit Pattern Jury Instruction, 2.101,

---

1 See Defendant's Memorandum of Support of Motion for Bill of Particulars ("Nor does it know if the government will contend that Dr. Tao actually transferred any of the alleged documents to a foreign national…." ), ECF 73 at 2.
2 For example, 18 U.S.C. § 794, Gathering or Delivering Defense Information to a Foreign Government, 18 U.S.C. 1§ 831, Economic Espionage, or 18 U.S.C. § 1832, Theft of Trade Secrets, all have the element of transferring particular information to another. There is no such element in the crimes charged in the instant indictment.

the jury should be instructed that

Title 22, United States Code, Section 2778(c), makes it a crime for anyone willfully to export from the United States any defense article which appears on the United States Munitions List without first obtaining a license or written approval from the Department of State.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant exported articles;

Second: That the articles were listed on the United States Munitions List at the time of export;

Third: That the defendant exported the articles without obtaining a license [written approval] from the Department of State; and

Fourth: That the defendant acted "willfully," that is, that the defendant knew such license [approval] was required for the export of these articles and intended to violate the law by exporting them without such license [approval].

Pattern Jury Instruction–Criminal Fifth Circuit (2019), 2.101, *See United States v. Covarrubias*, 94 F.3d 172, 175 (5th Cir. 1996); *United States v. Caldwell*, 295 F. App'x 689, 695–96 (5th Cir. 2008).

7. To prove Count 2, the government suggests that the following instruction be used:

To prove an illegal export under the Export Administration Regulations, the Government must prove four elements beyond a reasonable doubt:

First: The defendant exported, attempted to export, or caused the export of items from the United States;

Second: The items the defendant exported, attempted to export, or caused to be exported were controlled for export on the Commerce Control List and required an export license for the destination country;

Third: The defendant failed to obtain a license or other authorization from the Department of Commerce prior to exporting the items, and

Fourth: The defendant did so knowingly and willfully that is, with the intent to further the unlawful purpose.

3

Derived from Title 50, United States Code, Section 4819.

8.     For purposes of both charged crimes, the government can prove that the Defendant exported a controlled item simply by proving that he took the item outside the United States.   22 C.F.R. Part 120.50 (ITAR);15 C.F.R. Part 734.13(a)(1) (EAR).   In neither of these charges is the government required to prove that the defendant gave the items to anyone while in China. Accordingly, it is irrelevant and misleading to raise this issue as a defense, in arguments, or in questioning of any witness.   The Defendant should be precluded from doing so.

**b.     Appeals to Sympathy**

9.     The Government requests that Defendant's Counsel be strictly prohibited from attempting to elicit sympathy for the Defendant. The Pattern Jury Instructions for the Fifth Circuit states that the jury should be given the following instruction:

> It is also your duty to base your verdict solely upon the evidence, **without prejudice or sympathy**.   That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

(Emphasis added).   Pattern Jury Instruction, Criminal-Fifth Circuit (2019), 1.01.

**c.     Pretrial Matters**

10.     The Government requests that Defendant's Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, any plea arrangement discussions, pretrial conferences, or any related statements, between the Government and the Defendant or his counsel in this case, in that such information is not relevant evidence in connection with the resolution of any issues in this case. Fed. R. Evid. 401, 402, 410.

**d.     Pretrial Rulings**

11.     The Government requests that Defendants' Counsel be prohibited from divulging

the contents of, or rulings on, any motions filed by either the Defendant(s) or Government pretrial. FED. R. EVID. 401, 402, 403.

**e.   Discussions With Counsel**

12.   The Government requests that Defendants' Counsel be prohibited from divulging or eliciting testimony regarding discussions with, advice received, or actions by attorneys consulted by Defendant(s) in connection with the investigation of Defendant(s) prior to indictment in this cause.   FED. R. EVID. 401, 402, 403.

**f.   Sentencing Issues**

13.   The Government requests the Defendant's Counsel be strictly prohibited from stating and eliciting in any manner, from any witness, any reference to the punishment the Defendant would receive if convicted.   The Fifth Circuit Pattern Jury Instructions, 1.22 (2019) provide as follows:

> If a Defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

Court of Appeals case law is equally clear on this point. "It is error to tell the jury about the consequences of a certain verdict even if they are mandatory."   *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir. 1974).

**g.   Statements Relating to the Emotional, Financial, or Health Status of the Defendant or Any of the Defendant's Family**

14.   The Government requests the Defendant's Counsel be strictly prohibited from stating and eliciting in any manner, from any witness, the emotional, financial or health status of members of the Defendant or the Defendant's family.   The conditions of the Defendant or his or her family members are irrelevant in the trial of this case and Counsel should be cautioned to avoid

eliciting responses that touch or bear on these matters. Fᴇᴅ. R. Eᴠɪᴅ. 401, 402.

### h.  Defense Exhibits

15.    The Government requests the Defendants' Counsel be prohibited in opening statement or at trial from commenting on any defense exhibits that have not previously been supplied to counsel for the Government, and if so produced, not until the Government has been made aware of the Defense's intent to show such evidence to the jury before voir dire.

### i.  Testimony only through Defendant

16.    The Government requests that Defendants' Counsel be prohibited from alluding to information or facts which could only come to the jury's attention through the sworn testimony of the Defendant(s) unless counsel for the Defense informs the Court that the Defendant(s) will in fact testify.

### j.  Alleged Government Misconduct Unrelated to This Case

16.    Federal Rules of Criminal Procedure 401 and 403 preclude the raising of alleged government misconduct unrelated to this case because such testimony or argument is irrelevant, immaterial and its prejudicial effect outweighing its probative value.   Fᴇᴅ. R. Eᴠɪᴅ. 401, 402, 403.

### Conclusion

WHEREFORE, the United States respectfully requests that this honorable Court grant the Government's Omnibus Motion in Limine and preclude the counsel for the Defendant, and through such counsel any and all witnesses, to refrain from making any mention or interrogation, either directly or indirectly, regarding the above-mentioned issues, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors.

Respectfully submitted,

ASHLEY HOFF
UNITED STATES ATTORNEY

/s/
MARK T. ROOMBERG
Assistant United States Attorney
Texas Bar No. 24062266
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100

/s/
WILLIAM R. HARRIS
Assistant United States Attorney
Ohio Bar No. 0017818
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of September 2022, a true and correct copy of the

foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF

System that will transmit notification of such filing to the following CM/ECF participant:

<u>Attorneys for Xiaojian Tao</u>
Peter Zeidenberg
Apeksha Vora

<u>Attorneys for Yu Lang</u>
David Schertler
Noah Jackson Cherry
John T. Floyd, III
Christopher M. Choate

/s/
MARK T. ROOMBERG
Assistant United States Attorney

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. SA-22-CR-170-XR** |
| | ) | |
| **XIAOJIAN TAO,** | ) | |
| **YU LANG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# O R D E R

This matter having come before the Court on the Government's Motion in Limine, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that Government's Motion in Limine be in all things GRANTED.  Defense counsel, and through such counsel any and all witnesses, must refrain from making any mention or interrogation, either directly or indirectly, regarding the issues raised in the Government's Motion in Limine, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors.

IT IS SO ORDERED.

SIGNED and ENTERED this _____ day of _____ 2022, San Antonio, Texas.


HONORABLE XAVIER RODRIGUEZ
United States District Judge

8